NOT FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-397


TERRY BISHOP CLARIUS

VERSUS

JOHN W. CLARIUS, JR.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 156,541
HONORABLE B.C. BENNETT, DISTRICT JUDGE PRO TEMPORE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Glenn B. Gremillion, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

Todd L. Farrar
1603 Melrose
Pineville, LA  71360
Counsel for Defendant-Appellant:
    John W. Clarius, Jr.

Ralph W. Kennedy
1215 Texas Ave.
Alexandria, LA  71301
Counsel for Plaintiff-Appellee:
    Terry Bishop Clarius

PAINTER, Judge.

The Defendant, John W. Clarius, Jr., appeals the trial court's partition of the community of acquets and gains which formerly existed between him and Terry Bishop Clarius, particularly the trial court's determination that he is not entitled to reimbursement for one-half of the mortgage payments made with separate funds after the divorce. We affirm the judgment of the trial court.

FACTS

John and Terry were married on June 29, 1976 in Rapides Parish, Louisiana. They had one child in August 1979. On September 25, 1989, a few days after leaving the matrimonial domicile, Terry filed a "Petition for Separation from Bed and Board," in which she alleged that she was forced to move out because of the Defendant's "habitual intemperance, constant fighting and verbal abuse," and asking for a separation *a mensa et thoro*, temporary custody of the minor child of the marriage, and a temporary restraining order prohibiting John from "threatening, harassing, intimidating, or causing physical harm to petitioner." On October 26, 1989, a judgment of separation was entered.

On July 12, 1996, John filed a Petition for Divorce. A Judgment of Divorce was rendered on December 13, 1996. The judgment specified that the community would be partitioned at a later date. In August 2002, John petitioned to have the community partitioned. Attached to his petition was a detailed descriptive list that showed the only community asset as the former matrimonial domicile, which he showed as having a value of $75,000.00. Listed as community liabilities were a mortgage on the property in the amount of $33,00.00, separate payments by John for community debts since October 26, 1989 of $73,869.69, and improvements to the

1

property by John since October 26, 1989 of $23,00.00. Using these figures, he listed a negative net value for the community of -$54,869.69.

Terry filed a traversal of John's detailed descriptive list in which she disputed the amounts listed by John for improvements and separate payments. She asserted that John had enjoyed exclusive use of the domicile since the date of separation, and that, as a result, he was not entitled to reimbursement for improvements, maintenance, or mortgage payments. Terry also filed a detailed descriptive list of the community property. In it she listed as assets the matrimonial domicile, at a value of $75,000.00; and movable property in John's possession at a value of $23,000.00. She further listed as liabilities the home mortgage of $33,000.00, and payments she made on various community credit card debts in the amount of $2,500.00.

A hearing on the partition was held on September 2, 2004. After the hearing, the trial court rendered a "Judgment Partitioning Community"in which he awarded John the former matrimonial domicile, a boat, and a gun collection. The court awarded Terry $15,759.99 and ordered that each party was to be responsible for any encumbrances on the property they received in the partition.

John appeals the judgment arguing that the trial court erred in failing to award him a credit for one-half of the mortgage payments he made out of his separate funds after the divorce. The trial judge, in his written reasons for judgment, credited Terry's testimony that she and John had agreed that he would occupy the house and pay the mortgage on it.

The question of whether the parties reached an agreement that John would occupy the community home in exchange for paying the mortgage is one of fact. The trial court clearly based its determination that an agreement existed on its

2

determination that Terry's testimony was more credible than that of John stating in its written reasons: "The Court chooses to believe the wife in view of the Court's impression of the totality of his testimony and the husband's credibility problem."

> When findings are based on determinations regarding the credibility of witnesses, the manifest error--clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.

*Rosell v. ESCO*, 549 So.2d 840, 844-45 (La.1989) (citations omitted).

We are unable to find in Terry's testimony any internal inconsistencies or the kind of variation from the documentary and objective evidence that would make it unacceptable to a reasonable fact finder. *Id*. The trial court made a credibility evaluation which is reasonably based on the evidence and which we are powerless to disturb. *Stobart v. State through Dep't of Transp. and Dev.*, 617 So.2d 880 (La. 1993). We cannot state that its finding is clearly wrong or manifestly erroneous. Therefore, we will not disturb the trial court's determination that the parties entered an agreement whereby John gave up his right to be reimbursed for mortgage payments in exchange for occupying the community home rent-free.

As a result, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Appellant, John W. Clarius, Jr.

**AFFIRMED.**

3